IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00333-BNB

EMMITT JAMES COMPITO,

     Applicant,
v.

FRANCES FALK, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

     Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

     Applicant, Emmitt James Compito, is a prisoner in the custody of the Colorado Department of Corrections incarcerated at the Limon Correctional Facility in Limon, Colorado. Applicant, filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The Court must construe the Application liberally because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Applicant will be ordered to file an Amended Application.

     The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought."

Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Only one of Applicant's claims is set forth in the Claims section of the Court-approved form, but it does not state specifically what constitutional right was violated. Applicant titles what appear to be additional claims as "Sixth Amendment Violations," and he numbers these as claims 3 through 9, but the claims are not stated simply and concisely. Applicant is directed to use the Application form for his Amended Application and to state all of his claims in the Claims section of the form. If the Applicant requires additional pages to state his claims, those pages should be formatted in a manner similar to the format of the Court-approved Application form. Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Applicant file an Amended Application that complies with this Order. It is

FURTHER ORDERED that Applicant shall obtain the Court-approved 28 U.S.C. § 2254 Application form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Applicant fails within the time allowed to file an Amended Application as directed the Court may dismiss the action without further notice.

DATED February 19, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge